E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-06229-S4

11/2/2022 4:55 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

22-C-06229-S4

| | | |
|---|---|---|
| ADRIENNE WILSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **CIVIL ACTION** |
| | ) | **FILE NO.:** |
| SIX FLAGS OVER GEORGIA II, L.P | ) | |
| d/b/a SIX FLAGS OVER GEORGA, and | ) | **JURY TRIAL DEMANDED** |
| JOHN DOE | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, Adrienne Wilson, and states her Complaint against Defendants, Six

Flags Over Georgia II, L.P d/b/a Six Flags Over Georgia and John Doe Defendant, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff, ADRIENNE WILSON, is a resident of the State of Georgia.

2.

Defendant, SIX FLAGS OVER GEORGIA II, L.P d/b/a SIX FLAGS OVER GEORGIA

("SFOG") is a domestic Limited Liability Company authorized to do business in Georgia and is

subject to the jurisdiction and venue of Gwinnett County, Georgia. SFOG may be served with

process of this action by issuing an original Summons and a copy of the Complaint to its registered

agent for service of process, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville,

GA 30046. Venue and jurisdiction over SFOG is proper in Gwinnett County.

3.

Defendant, John Doe is an individual residing in the state of Georgia, who was working at

the metal detector at issue at the time of the incident. Upon identification, he will be served with

process of this action by issuing an original Summons and a copy of the Complaint to him

<div style="border:1px solid black; text-align:center">

# EXHIBIT
# 1

</div>

personally at his place of residence or through his counsel of record. At that time, he will be subject to the jurisdiction and venue of Gwinnett County, Georgia.

**NEGLIGENT TRAINING, SUPERVISION, HIRING, AND RETENTION AS TO SFOG**

4.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 3, above, as if the same were restated herein verbatim.

5.

At all relevant times, Defendants owned, operated, managed, secured, maintained, or otherwise controlled the Premises.

6.

The Premises is a Theme Park, open to the public.

7.

On or about November 21, 2021(the "date of incident"), Plaintiff ADRIENNE WILSON was a licensee or invitee on the premises.

8.

On the date of incident, Plaintiff, ADRIENNE WILSON was preparing to enter the Premises when security informed her that she had to step through a metal detector.

9.

Plaintiff, Adrienne Wilson wore a pacemaker and informed the security that she was not supposed to go through a metal detector.

10.

Security proceeded to tell Plaintiff to go through the metal detector despite what Plaintiff said, and despite her medical identification card excusing her from doing so.

11.

As a result, Plaintiff, Adrienne Wilson's Pacemaker malfunctioned and she lost feeling in and use of her left arm..

12.

At all relevant times, Defendants owed a legal duty to Plaintiff to comply with the Americans with Disabilities Act, and provide an exception to metal detector entry for individuals with Pacemakers.

13.

At all relevant times, Defendants owed a legal duty to Plaintiff to provide an exception to metal detector entry for individuals with Pacemakers.

14.

At all relevant times, Defendant SFOG owed a legal duty to Plaintiff to ensure through adequate supervision that its employees and/or security contractors/personnel are in compliance with the Americans with Disabilities Act, and/or provide an exception to metal detector entry for individuals with Pacemakers.

15.

At all relevant times, Defendant SFOG owed a legal duty to Plaintiff to train its employees and/or security contractors/personnel to comply with the Americans with Disabilities Act, and/or provide an exception to metal detector entry for individuals with Pacemakers.

16.

At all relevant times, Defendant owed a legal duty to Plaintiff not to retain or hire employees and/or security contractors/personnel who failed to comply with the Americans with Disabilities Act, and/or failed to provide an exception to metal detector entry for individuals with Pacemakers.

17.

At all relevant times, Defendant SFOG knew or reasonably should have known of Defendant John Doe's propensity for violating the Americans with Disabilities Act and/or failing

to provide adequate alternative to walking through the metal detector for those with Pacemakers, and allowed him to continue working at the metal detectors anyway.

18.

At all relevant times, Defendant SFOG failed to properly hire, train or supervise employees and/or security contractors or personnel related to Pacemakers and metal detectors.

19.

At all relevant times, Defendant failed to provide, enforce, and train employees on policies related to Pacemakers and metal detectors.

20.

At all relevant times, Defendant SFOG's policies and procedures related to use of metal detectors for those with Pacemakers were negligent and/or insufficient to properly comply with the Americans with Disabilities Act and/or to protect those patrons with Pacemakers.

21.

Plaintiff was injured because Defendants failed to satisfy protections under the Americans with Disabilities Act, and/or provide adequate policies for people with disabilities, including those with Pacemakers, and breached the aforementioned owed duties of care.

22.

At all relevant times, Plaintiff, Adrienne Wilson was a protected, disabled person, under the ADA, in that she has a Pacemaker.

23.

At all relevant times, Plaintiff, Adrienne Wilson exercised reasonable care for her own safety.

24.

Plaintiff did not fully understand the risk of walking through the specific metal detector, and relied upon the security guard's statement that doing so would not harm her.

4

25.

As a direct and proximate result of the negligent security policies and procedures, breaches of the aforementioned duties, and actions/omissions of Defendants, Plaintiff sustained substantial serious injuries, for which she is entitled to compensation.

## PREMISES LIABILITY

26.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 25, above, as if the same were restated herein verbatim.

27.

Defendant SFOG was an owner or occupier of land, who, by express or implied invitation, induced or lead Plaintiff to come upon the Premises for a lawful purpose.

28.

Plaintiff was injured on the Premises or its approached as a direct and proximate result of SFOG's failure to exercise ordinary care in keeping the premises and its approaches safe.

29.

Defendants' failure to keep the premises and approaches safe directly and proximately caused Plaintiff to sustain substantial serious injuries, for which she is entitled to compensation pursuant to O.C.G.A. § 51-3-1.

## ACTIVE NEGLIGENCE OF JOHN DOE AND RESPONDEAT SUPERIOR

30.

Plaintiffs re-alleges and incorporates herein by reference paragraphs 1 through 29, above, as if the same were restated herein verbatim.

31.

At all relevant times, Plaintiff, Adrienne Wilson was a protected, disabled person, under

the ADA, in that she has a Pacemaker.

32.

At all relevant times, Plaintiff, Adrienne Wilson exercised reasonable care for her own safety.

33.

Plaintiff did not fully understand the risk of walking through the specific metal detector, and relied upon the security guard's statement that doing so would not harm her.

34.

John Doe Defendant worked the metal detector area at the entrance of the Park where Plaintiff's injury occurred.

35.

At all relevant times, John Doe Defendant negligently required Plaintiff to walk through the metal detector despite actual knowledge she had a Pacemaker and had an identification card indicating/showing she should not be required to do so.

36.

In doing so, John Doe Defendant either violated formal SFOG security policies and procedures or complied with negligently created policy and procedures.

37.

John Doe Defendant's negligent actions and omissions proximately caused substantial bodily harm to Plaintiff, for which she is entitled to full compensation, as well as pain and suffering resulting from the incident.

38.

SFOG is liable for the negligent acts and omissions of its employees and/or agents, under

the theory of *Respondeat Superior*.

39.

As the direct and proximate result of Defendants' negligence, Plaintiff, Adrienne Wilson sustained injuries, and incurred substantial past and future medical expenses. Plaintiff has also incurred, and is entitled to recover, general damages.

## NEGLIGENCE *Per Se*

40.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 39, above, as if the same were restated herein verbatim.

41.

Defendants negligently failed to allow Plaintiff to forego the metal detector by making an exception for her medical condition.

42.

Defendants neglected to adhere to the appropriate policies and procedures and the Americans with Disabilities Act.

43.

Defendants' negligence *per se* proximately caused Plaintiff Adrienne Wilson: (i) to damage her pacemaker and suffer personal injuries; and (ii) to incur and suffer general and special damages.

44.

Plaintiff is entitled to recover compensatory damages from Defendants in amounts to be proven at trial.

## PUNITIVE DAMAGES

### 45.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 44, above, as if the same were restated herein verbatim.

### 46.

John Doe's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequence, such that Punitive Damages are warranted pursuant to O.C.G.A. § 51-12-5.1

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

a)   That Plaintiff, Adrienne Wilson recovers special damages as alleged above and as proven at trial.

b)   That punitive damages be awarded against Defendant John Doe.

c)   That Plaintiff, Adrienne Wilson recovers general damages, including pain and suffering, in an amount to be determined by enlightened conscience of the jury.

d)   That Plaintiff recovers her costs to prosecute these claims.

e)   That Plaintiff recover such other relief as is just and proper; and

f)   That all issues be tried before a jury of twelve persons.

This 2nd day of November, 2022.

*/s/ Shellea D. Crochet*_____
SHELLEA D. CROCHET
Georgia Bar No. 735805
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
T: (404) 965-1960
F: (404) 496-7355
scrochet@forthepeople.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06229-S4**

**11/2/2022 4:55 PM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

22-C-06229-S4

| | | |
|---|---|---|
| ADRIENNE WILSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **CIVIL ACTION** |
| | ) | **FILE NO.:** |
| SIX FLAGS OVER GEORGIA II, L.P | ) | |
| d/b/a SIX FLAGS OVER GEORGA, and | ) | **JURY TRIAL DEMANDED** |
| JOHN DOE, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**PLAINTIFF ADRIENNE WILSON'S FIRST SET OF INTERROGATORIES AND**</u>
<u>**REQUEST FORPRODUCTION OF DOCUMENTS TO DEFENDANT'S SIX FLAGS**</u>
<u>**OVER GEORGIA II, L.P d/b/a SIX FLAGS OVER GEORGIA**</u>

Plaintiff Adrienne Wilson, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith

to the above- named Defendant, Six Flags Over Georgia II, L.P d/b/a Six Flags Over Georgia

(hereinafter referred to "you" or "your") for response within forty-five (45) days after service

hereof, in the form provided by law, the following interrogatories and request for production of

documents.

You are required, when answering these interrogatories, to furnish all information that is

available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete

answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to

the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way

of supplementary answers to these interrogatories, such additional information as may be obtained

hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information

will augment or modify any answer given to the attached interrogatories. All such supplemental

1

answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but inno event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, Atlanta, P.O. Box 57007, Atlanta, Georgia 30343 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had  access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

2

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    <u>INTERROGATORIES</u>

1.

Please identify the full and correct legal names of the owner, manager, security personnel/contractors, and operator of the property located at 275 Riverside Pkwy Austell, GA 30168 ("the Premises") on November 21, 2021 (the "date of incident"), and any other entity you believe is responsible for security procedures at issue. If these are different persons or entities, please identify which party owned and which party managed or operated the identified Premises, or whether they may be involved with security.

2.

Identify the persons responding to these Interrogatories and all individuals providing assistance to you in responding to Plaintiff's First Interrogatories and Requests for Documents.

3.

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action; and furtherstate whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) you or your

4

representatives' knowledge, information or belief:

(a)    Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)    Had permission to work at metal detectors at the Premises on the date of the incident, and/or were employed or contracted to do so on that date (along with all contact information for same);

(c)    Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, which were not identified in sub-part (a);

(d)    Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(e)    Assisted Plaintiff after his fall on the Premises.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location on the Premises.

5

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons you expect to call as an expert witness upon the trial of this matter.

10.

Identify each person Defendant employs who: (a.) has provided security, and/or wrote security procedures for the Premises within the past ten (10) years in relation to the invitees gaining access to the premises.

11.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

12.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

13.

In reference to individuals who have ever made a claim regarding use of metal detectors and/or violations of ADA at the Premises, please state the following:

(a)  The cause of the incident;

(b)  Whether any incident report was prepared;

(c)  The information contained in such incident report; and

(d)  The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons having

6

knowledge regarding said incident.

14.

Please identify any and all changes that have been made to your policies and/or procedures concerning security at the subject property or identification or promotion of ADA accessible entrances and exits, or warning of dangers of the metal detector at issue, since the date of this incident  as alleged in the Complaint.

15.

Do you contend that the injuries complained of in this case were caused by  the negligence of any party other than Defendant or Defendant's agents and servants? If your answer is yes, please identify:

(a)  The party whom you contend was guilty of such negligence;

(b)  Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c)  Each and every fact and reason upon which you base your contentions; and

(d)  Every person who has any knowledge or information concerning each such fact.

16.

Please identify fully the individual working the metal detector at issue at the time of the incident, who his direct supervisor and employer were at the time of the incident (full contact information), dates of hiring to termination, and all disciplinary measures taken against the individual from the date of hire to the date of termination, along with reason for termination. If you are unsure of who that may be, please provide that information for all individuals working at metal detectors at the entrance of the park on the date of incident (11/21/2021). For each individual named, please indicate whether they are current or former

employee of Defendant and whether they are represented by undersigned counsel.

17.

Please identify the brand, make, model, of the metal detector at issue, and provide who you purchased the metal detector from, when, and contact information for same, and please indicate who installed the metal detector and all contact information for that person/entity, and when.

18.

Please identify all policies and procedures related to metal detectors and Pacemakers or any other disability affecting ability to use a metal detector, or related to any individual who has a medical card indicating that they should not be required to go through a metal detector, that were in effect on the date of the incident, and any changes that have been made to them since the incident.

19.

Please identify any and all other similar incidents or allegations, insurance claims, workers compensation claims, or lawsuits, for which a visitor or employee has complained (either by letter, email, or verbally) of being forced to go through metal detectors despite medical proof they should not be required to do so, and/or any complaints of violations of the Americans with Disabilities Act generally (whether or not dealing with metal detectors specifically), in the last five (5) years.

20.

Please provide the email address or data system used to compile and or send incident reports and all individuals with access to same at the time of the incident and presently.

21.

When did you first anticipate litigation?

22.

Do you contend the John Doe employee violated company policies and procedures at the time of the incident? If so, please explain exactly what you contend he violated, and if not, why not?

23.

Please explain what you have done to investigate all emails, text messages, and written documents related to this incident, and confirm you have turned all of them over to your attorney for review, and confirm one way or another whether any exist.

24.

Please describe the process, procedure, and schedule for security policy updates of the Premises, and explain who all was involved in same at the time of the incident and presently.

25.

Please explain in detail how employees/contractors working at metal detectors are trained to deal with individuals with medical conditions requiring them not use metal detectors.

26.

Identify all instructions and documents related to security procedures on the Premises from January 1, 2015 through the date of incident.

27.

Identify all safety manuals and written procedures effective on the date of this incident as alleged in the Complaint, concerning security procedures arising out of this incident.

28.

Identify any conversations, discussions, meetings, reports, or studies concerning issues with security on the Premises or ADA access/exit points from January 1, 2015 through the date of incident.

29.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

30.

Do you contend Plaintiff did anything wrong in regard to the incident, or, in other words, do you contend Plaintiff was in any way responsible for the incident? If so, what percentage would you provide to her as to fault, and please explain in detail why and how you reached that decision.

31.

Are any warnings or instructions posted anywhere in the premises or at or around the entrance to the premises or its approaches informing patrons what to do if they are not able to walk through metal detectors? If so, please describe those signs in detail.

### III.    REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted in your Answer to Plaintiff's Complaint.

2.

Please produce any and all photographs, surveillance videos, movies, videotapes, drawings, maps or sketches of the scene of the incident described in Plaintiff's Complaint and/or Plaintiff at the Premises on the day of the incident.

3.

Please produce all warranties, documents related to, safety notes, instruction manuals, user

manuals, handbooks, and policies related to the metal detector at issue.

4.

Please provide all contracts for installation of, receipts for the purchase or installation of, policies and procedures, training handbooks, training classes, training techniques, related to the use of, and all signs posted on or around, the metal detector at issue.

5.

Please provide pictures/photographs/copies of all documents referenced in response to Interrogatory No. 32.

6.

Please produce every insurance agreement under which an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

7.

Please produce all documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

8.

Please produce each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action, including, but not limited to, any person you may expect to call as an expert witness on the trial of this case.

9.

Personnel file, and any disciplinary file or any other file kept regarding John Doe Plaintiff, if any portion is withheld, please provide a privilege log regarding same so we may address it with

the Court.

10.

Please produce every document provided to you by any expert you expect to call as an expert witness at trial of this case that relate to any facts about the subject matter of this action.

11.

Please produce each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories to Defendant.

12.

Please produce all statements Plaintiff or John Doe Defendant provided to you or in your possession concerning the subject matter of this action.

13.

Please produce all documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective on</u> the date of this incident as alleged in the Complaint.

14.

Please produce all documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective after</u> the date of this incident as alleged in the Complaint.

15.

Please produce all documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for metal detectors or security searches of patrons coming into the park, and/or procedures related to ADA compliance at the park, <u>effective on</u> the date of this incident as alleged in the Complaint.

16.

Please produce all documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for for metal detectors or security searches of patrons coming into the park, and/or procedures related to ADA compliance at the park, <u>effective after</u> the date of this incident as alleged in the Complaint.

17.

Please produce the safety policies, manuals, standards, guidelines, handbooks, memos and procedures, including, and/or any references to procedures for supervision, training, and policies of metal detector workers, effective on the date of this incident as alleged in the Complaint.

18.

Please produce a blank copy of the incident report form Defendant used to document and report Plaintiff's accident at the Premises on the date of this incident alleged in the Complaint.

19.

Please produce a fully legible copy of any incident report Defendant prepared regarding Plaintiff's incident at the Premises on the date of this incident alleged in the Complaint.

20.

Please produce all written notes, schedules, memos, computer documentation, emails, text messages, or other correspondence related to concerns over the use of metal detectors, ADA violations/allegations of ADA violations, Plaintiff's incident, or any complaints related to John Doe (if he has not been identified, you are required to supplement this response upon identification of this individual).

21.

Please produce all legal complaints filed against you for 5 years prior through present

13

including allegations of someone becoming injured by going through your security check at subject property.

22.

Please produce copies of all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of negligent security at the Premises for the last three (3) years.

23.

Please produce copies of all letters, documents, reports, invoices, service records and emails concerning metal detectors on the Premises for the last three (3) years.

24.

Please produce copies of any depositions taken of any of your employees, experts, consultants, or witness in any case in the last five (5) years involving allegations of similar wrongdoings on the Premises.

25.

Please produce copies of any and all letters, documents, incident reports,  insurance claims, and/or emails concerning any allegation of a workers' compensation injury arising from similar allegations on the Premises for the last three (3) years.

26.

Please produce any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to adhere to the security procedures concerning Plaintiff's incident at your property on the date of the incident alleged in the Complaint.

27.

Please produce any and all warnings you contend you provided, either verbally or by signage, with respect to the area at the subject property prior to Plaintiff's incident on the date of

14

the incident alleged in the Complaint.

28.

Please produce copies of all of your employee timesheets, reports, invoices, and emails concerning work at the subject property on the date of the incident alleged in the Complaint.

29.

Please produce a copy of the most recent maintenance records for the Metal Detector at issue prior to the incident.

30.

Please produce a copy of all witness and employee statements gathered in conjunction with the incident report you prepared regarding Plaintiff's incident at the subject property on the date of the incident alleged in the Complaint.

31.

Please produce all letters, documents, reports, service records and emails regardingmetal detectors at the entrance of the Premises over the past five (5) years.

32.

Please produce copies of any and all documents, reports, or bulletins related to installing, maintaining, or inspecting the metal detectors of the Premises on the date of this incident including the process and procedure for warning invitees of hazardous situations the metal detectors may cause or ADA alternatives to using the metal detectors for entrance.

33.

Produce any documentary evidence of a contractual relationship between yourself and any other Defendant in this case (including John Doe), or any other company affiliated with security

on the property, use of the metal detectors, or installation/maintenance of the metal detectors within the past 10-years including contracts, invoices, statements.

34.

Produce complete employment files for all of your employees working on metal detectors on the Premisesincluding, but not limited to, most recent contact information, background check results, resumes, drug testing, applications for employment, performance reviews, and written/ recorded reprimands, generated within the past 10-years.

This 2nd day of November, 2022.

/s/ Shellea D. Crochet_____
SHELLEA D. CROCHET
Georgia Bar No. 735805
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
T: (404) 965-1960
F: (404) 496-7355
scrochet@forthepeople.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

22-C-06229-S4

11/2/2022 4:55 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** Gwinnett State Court _____ **County**

---

**For Clerk Use Only**

**Date Filed** _____          **Case Number** _____
              **MM-DD-YYYY**                              22-C-06229-S4

---

**Plaintiff(s)**

Wilson, Adrienne

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
|      |       |           |        |        |
| Last | First | Middle I. | Suffix | Prefix |
|      |       |           |        |        |
| Last | First | Middle I. | Suffix | Prefix |
|      |       |           |        |        |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

Six Flags Over Georgia II, L.P d/b/a Six Flags Over Georgia

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|
| Doe, John |  |       |        |        |
| Last | First | Middle I. | Suffix | Prefix |
|      |       |           |        |        |
| Last | First | Middle I. | Suffix | Prefix |
|      |       |           |        |        |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Shellea Diane Crochet _____   **State Bar Number** 735805 _____   **Self-Represented** ☐

---

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

---

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06229-S4**

**11/2/2022 4:55 PM**

TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

|  |  |
|---|---|
| ADRIENNE WILSON<br><br>**Plaintiff,**<br><br>vs.<br><br>**SIX FLAGS OVER GEORGIA II, L.P d/b/a SIX FLAGS OVER GEORGIA, and JOHN DOE**<br><br>**Defendants,** | **CASE ACTION**<br>**FILE NO.**<br><br>22-C-06229-S4 |

## <u>NOTICE OF LEAVE OF ABSENCE</u>

COMES NOW, Shellea D. Crochet, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16 as follows:

The periods of leave during which time Applicant will be away from the practice of law are: **November 21-23, 2022, December 19-26, 2022, January 13-16, 2023, January 23-27, 2023, and April 19 – 26, 2023.** Applicant states that she will be out of state for travel, personal time, continuing legal education and family commitments during the above-mentioned periods of time and will be unable to participate in trials, hearings, depositions, and other legal proceedings.

All affected judges and opposing counsel shall have ten (10) days from the date of this notice to object to it.  If no objections are filed, the leave shall be granted.

This 2nd day of November, 2022

Respectfully Submitted,

*/s/ Shellea D. Crochet*
Shellea Crochet
Georgia Bar Number 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree St., NE, Suite 4200
Atlanta, Georgia 30303
Tel:     (404) 965-8811
Fax:     (404) 965-8812
scrochet@forthepeople.com

**CERTIFICATE OF SERVICE**

This certifies that I have this day served a copy of the foregoing **NOTICE OF LEAVE OF ABSENCE** upon all parties to this matter by Statutory Electronic Service through this Court's efiling system.

This 2nd day of November, 2022

/s/Shellea D. Crochet
Shellea Crochet
Georgia Bar Number 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree St., NE, Suite 4200
Atlanta, Georgia 30303
Tel:     (404) 965-8811
Fax:     (404) 965-8812
scrochet@forthepeople.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06229-S4**

**11/18/2022 12:49 PM**
TIANA P. GARNER, CLERK

## In the State Court of Gwinnett County
## State of Georgia

| | |
|---|---|
| Adrienne Wilson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action |
| v. | ) File No.: 22-C-06229-S4 |
| | ) |
| Six Flags Over Georgia II, L.P | ) |
| d/b/a Six Flags over Georgia, and | ) |
| John Doe | ) |
| | ) |
| Defendant. | ) |

### AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Shane Barron.  I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 3rd day of November 2022, I served Six Flags Over Georgia, with the SUMMONS, PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY, GENERAL CIVIL AND DOMESTIC RELATIONS CASE, PLAINTIFF ADRIENNE WILSON'S FIRST SER OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT'S SIX FLAGS OVER GEORGIA II, L.P d/b/a SIX FLAGS OVER GEORGIA, NOTICE OF LEAVE OF ABSENCE, AND CERTIFICATE OF SERVICE , by handing it to Jane Richardson, representative of CT Corporation System, registered agent for Six Flags Over Georgia at 289 S Culver Street SW, Lawrenceville, GA 30046.

11/3/22
Date

Shane Barron

Subscribed and sworn to before me,
This____3____ day of___NOV_____2022

_____
Notary Public

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2021 NOV 22   PM 3: 51

TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:

21 C 08295-5

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2023.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this _22nd_ day of _November_, 20_21_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name    Shane Willis Barron

Address   PO BOX 500818

Atlanta, GA 31150

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06229-S4**
**11/2/2022 4:55 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

**PLAINTIFF**

VS.

_____

_____

_____

**DEFENDANT**

22-C-06229-S4

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

    **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of _____,   20_____.**

 3rd day of November, 2022

Tiana P. Garner
**Clerk of State Court**

By_____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06229-S4**
**11/3/2022 4:36 PM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ADRIENNE WILSON <br><br> **PLAINTIFF,** <br><br> SIX FLAGS OVER GEORGIA II, L.P d/b/a SIX FLAGS OVER GEORGIA, and JOHN DOE <br><br> **DEFENDANTS.** | **CIVIL ACTION FILE NO:** <br><br> **JURY TRIAL DEMANDED.** |

**RULE 5.2 CERTIFICATE OF SERVICE**

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter, via personal service, with a copy of the following:

1. **PLAINTIFF,  ADRIENNE WILSON'S,  COMPLAINT AND DEMAND FOR TRIAL BY JURY**
2. **PLAINTIFF, NAZRENE ALSIRO'S, FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SIX FLAGS OVER GEORGIA II, L.P d/b/a SIX FLAGS OVER GEORGIA.**

This 2nd day of November, 2022

/s/ Shellea Crochet
Shellea Crochet
Georgia Bar Number 735805
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree St., NE, Suite 4200
Atlanta, Georgia 30303
Tel:     (404) 965-8811
Fax:     (404) 965-8812
scrochet@forthepeople.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06229-S4**

**12/2/2022 3:17 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ADRIENNE WILSON,           )
                                     )
        Plaintiff,            )
                                     )
v.                             )     Civil Action No. 22-C-06229-S4
                                     )
SIX FLAGS OVER GEORGIA II, L.P.,    )
d/b/a SIX FLAGS OVER GEORGIA,      )
and JOHN DOE,                )
                                   )
        Defendant.        )

## SPECIAL APPEARANCE ANSWER AND DEFENSES OF DEFENDANT SIX FLAGS OVER GEORGIA II, L.P.

COMES NOW Defendant named as Six Flags Over Georgia II, L.P. (hereinafter "this Defendant" or "Six Flags") without submitting to the jurisdiction of this court and without waiving any of its rights but expressly reserving such rights, and specifically reserving all objections as to the deficiency of service, process, service of process, jurisdiction, and venue, files this special appearance answer to Plaintiff Adrienne Wilson's Complaint, showing the Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon relief can be granted.

### SECOND DEFENSE

No act or omission on the part of this Defendant proximately caused Plaintiff's alleged injuries and or damages.

### THIRD DEFENSE

The alleged injuries and damages complained of by the Plaintiff were caused by parties, entities, and were circumstances beyond the control of this Defendant. As such, there can be no recovery against this Defendant whatsoever.

## FOURTH DEFENSE

The Plaintiff's Complaint fails to state a claim for attorney's fees, expenses of litigation, and punitive damages, upon which relief can be granted. As such, Plaintiff's claims for attorney's fees, expenses of litigation, and punitive damages, must be dismissed.

## FIFTH DEFENSE

At all times materially hereto, this Defendant acted reasonably and followed all applicable duties and standards owed to any party under the law. As such, there can be no recovery against this Defendant whatsoever.

## SIXTH DEFENSE

Plaintiff's Complaint must be dismissed for improper service of process as to this Defendant.

## SEVENTH DEFENSE

Plaintiff's Complaint must be dismissed for insufficient service of process on this Defendant.

## EIGHTH DEFENSE

The Plaintiff's Complaint must be dismissed for lack of personal jurisdiction.

## NINTH DEFENSE

This Defendant responds to the individually numbered paragraphs in Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

2.

In response to paragraph No. 2 of the Plaintiff's Complaint, this Defendant admits that it is authorized to do business in Georgia. This Defendant denies the remaining allegations contained in paragraph 2 of the Plaintiff's Complaint and specifically denies that it has been properly served. Therefore, this Defendant denies that venue and jurisdiction have been established over this Defendant in Gwinnett County.

3.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

**NEGLIGENT TRAINING, SUPERVISION, HIRING, AND RETENTION AS TO SFOG**

4.

This Defendant incorporates by reference its responses to paragraphs 1 though 3 above as if fully set forth herein.

5.

In response to paragraph 5 of the Plaintiff's Complaint, this Defendant denies that it owned the premises where the events described in Plaintiff's Complaint allegedly occurred. In further response, this Defendant generally admits that it occupied, operated, and managed the subject premises.   This Defendant denies all remaining allegations to the extent that they are not consistent with this Defendant's role at the property.

6.

The allegations contained in paragraph 6 of the Plaintiff's Complaint are admitted.

7.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

8.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

9.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

10.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

11.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

12.

In response to paragraph 12 of the Plaintiff's Complaint, this Defendant admits that it owed a duty of ordinary care to keep the premises reasonably safe for invitees, possibly including the Plaintiff. This Defendant further admits that it owed a duty to comply with applicable sections of the Americans with Disabilities Act. This Defendant denies that it breached any duty owed to the Plaintiff. To the extent that paragraph 12 contains any additional allegations, those allegations, are denied, as stated.

13.

In response to paragraph 13 of the Plaintiff's Complaint, this Defendant admits that it owed a duty to comply with the Americans with Disabilities Act to the extent applicable to this Defendant. This Defendant denies that it breached any legal duty as it relates to Plaintiff's allegations in this case. Responding further, this Defendant lacks information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 13 of the Plaintiff's Complaint and, therefore, these remaining allegations can neither be admitted nor denied.

14.

In response to paragraph 14 of the Plaintiff's Complaint, this Defendant admits that it owed a duty to comply with the Americans with Disabilities Act to the extent applicable to this Defendant. This Defendant denies that it breached any legal duty as it relates to Plaintiff's allegations in this case. Responding further, this Defendant lacks information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 14 of the Plaintiff's Complaint and, therefore, these remaining allegations can neither be admitted nor denied.

15.

In response to paragraph 15 of the Plaintiff's Complaint, this Defendant admits that it owed a duty to comply with the Americans with Disabilities Act to the extent applicable to this Defendant. This Defendant denies that it breached any legal duty as it relates to Plaintiff's allegations in this case. Responding further, this Defendant lacks information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 15 of the Plaintiff's Complaint and, therefore, these remaining allegations can neither be admitted nor denied.

16.

In response to paragraph 16 of the Plaintiff's Complaint, this Defendant admits that it owed a duty to comply with the Americans with Disabilities Act to the extent applicable to this Defendant. This Defendant denies that it breached any legal duty as it relates to Plaintiff's allegations in this case.  Responding further, this Defendant lacks information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 16 of the Plaintiff's Complaint and, therefore, these remaining allegations can neither be admitted nor denied.

17.

The allegations contained in paragraph 17 of the Plaintiff's Complaint are denied.

18.

The allegations contained in paragraph 18 of the Plaintiff's Complaint are denied.

19.

The allegations contained in paragraph 19 of the Plaintiff's Complaint are denied.

20.

The allegations contained in paragraph 20 of the Plaintiff's Complaint are denied.

21.

The allegations contained in paragraph 21 of the Plaintiff's Complaint are denied.

22.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

23.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

24.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

25.

The allegations contained in paragraph 25 of the Plaintiff's Complaint are denied.

## **PREMISES LIABILITY**

26.

This Defendant incorporates here and by reference its responses to paragraphs 1 through 26 above as if fully set forth herein.

27.

In response to paragraph 27 of the Plaintiff's Complaint, this Defendant admits that it was an occupier of the premises. This Defendant lacks information sufficient to form a belief as to the

remaining allegations contained in paragraph 27 of the Plaintiff's Complaint and, therefore, these remaining allegations can neither be admitted nor denied.

28.

The allegations contained in paragraph 28 of the Plaintiff's Complaint are denied.

29.

The allegations contained in paragraph 29 of the Plaintiff's Complaint are denied.

**ACT OF NEGLIGENCE OF JOHN DOE AND RESPONDEAT SUPERIOR**

30.

This Defendant incorporates here and by reference its responses to paragraphs 1 through 30 above as if fully set forth herein.

31.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

32.

The allegations contained in paragraph 32 of the Plaintiff's Complaint are denied.

33.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

34.

The Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Plaintiff's Complaint and, therefore, this paragraph can neither be admitted nor denied.

35.

The allegations contained in paragraph 35 of the Plaintiff's Complaint are denied.

36.

The allegations contained in paragraph 36 of the Plaintiff's Complaint are denied.

37.

The allegations contained in paragraph 37 of the Plaintiff's Complaint are denied.

38.

The allegations contained in paragraph 38 of the Plaintiff's Complaint are denied.

39.

The allegations contained in paragraph 39 of the Plaintiff's Complaint are denied.

## **NEGLIGENCE PER SE**

40.

This Defendant incorporates here and by reference its responses to paragraphs 1 through 40 above as if fully set forth herein.

41.

The allegations contained in paragraph 41 of the Plaintiff's Complaint are denied.

42.

The allegations contained in paragraph 42 of the Plaintiff's Complaint are denied.

43.

The allegations contained in paragraph 43 of the Plaintiff's Complaint are denied.

44.

The allegations contained in paragraph 44 of the Plaintiff's Complaint are denied.

## PUNITIVE DAMAGES

45.

This Defendant incorporates here and by reference its responses to paragraphs 1 through 44 above as if fully set forth herein.

46.

The allegations contained in paragraph 46 of the Plaintiff's Complaint are denied.

## PRAYER FOR RELIEF

47.

In response to the unnumbered "WHEREFORE" paragraph following paragraph 46 of the Plaintiff's Complaint and included under the "PRAYER FOR RELIEF" section of the Plaintiff's Complaint, this Defendant denies all allegations contained in this section including any and all allegations contained in subparagraphs A through F.

48.

Any allegation which is not specifically admitted herein is denied.

49.

WHEREFORE, having fully answer, Defendant Six Flags Over Georgia II, L.P., denies that it was neg in any manner whatsoever and also denied that it breached any duty owed to the Plaintiff. This Defendant demands judgement in its favor with costs cast against Plaintiff. This Defendant further demands a twelve-person jury at the trial of this case.

Respectfully submitted this 2nd day of December, 2022.

MCGREW MILLER BOMAR & BAGLEY, LLC

*/s/ Andrew M. Bagley*

_____
ANDREW M. BAGLEY
Georgia Bar No. 959771
COLLEEN E. CALLAGHAN
Georgia Bar No. 176380
*Counsel for Defendant Six Flags Over*
*Georgia II, L.P.*

50 Hurt Plaza, SE
Suite 1200
Atlanta, Georgia 30303
(404) 410-8410
abagley@mmbblaw.com
ccallaghan@mmbblaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties electronically via Odyssey E-File & Serve, Peachcourt, or by depositing a copy of same in the U.S. Mail, proper postage paid, addressed as follows:

<div align="center">

Shellea D. Crochet
GA Bar No. 735805
Morgan & Morgan Atlanta PLLC
191 Peachtree St., Suite 4200
Atlanta, GA 30303
404-965-1960
scrochet@forthepeople.com

</div>

This 2nd day of December, 2022.

MCGREW MILLER BOMAR & BAGLEY, LLC

*/s/ Andrew M. Bagley*

_____
ANDREW M. BAGLEY
Georgia Bar No. 959771
COLLEEN E. CALLAGHAN
Georgia Bar No. 176380
*Counsel for Defendant Six Flags Over Georgia II, L.P.*

50 Hurt Plaza, SE
Suite 1200
Atlanta, Georgia 30303
(404) 410-8410
abagley@mmbblaw.com
ccallaghan@mmbblaw.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-06229-S4**

**12/2/2022 3:17 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ADRIENNE WILSON,       )
       )
    Plaintiff,      )
       )
v.       )     Civil Action No. 22-C-06229-S4
       )
SIX FLAGS OVER GEORGIA II, L.P.,  )
d/b/a SIX FLAGS OVER GEORGIA,  )
and JOHN DOE,      )
       )
    Defendant.     )

## <u>DEMAND FOR A TWELVE PERSON JURY</u>

COMES NOW Defendant Six Flags Over Georgia II, L.P. and hereby demands a Twelve

Person Jury at the trial of this case.

Respectfully submitted this 2<u>nd</u> day of December, 2022.

       MCGREW MILLER BOMAR & BAGLEY, LLC

       */s/ Andrew M. Bagley*

       _____
       ANDREW M. BAGLEY
       Georgia Bar No. 959771
       COLLEEN E. CALLAGHAN
       Georgia Bar No. 176380
       *Counsel for Defendant Six Flags Over*
       *Georgia II, L.P.*

50 Hurt Plaza, SE
Suite 1200
Atlanta, Georgia 30303
(404) 410-8410
abagley@mmbblaw.com
ccallaghan@mmbblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties electronically via Odyssey E-File & Serve, Peachcourt, or by depositing a copy of same in the U.S. Mail, proper postage paid, addressed as follows:

<div align="center">

Shellea D. Crochet
GA Bar No. 735805
Morgan & Morgan Atlanta PLLC
191 Peachtree St., Suite 4200
Atlanta, GA 30303
404-965-1960
scrochet@forthepeople.com

</div>

Respectfully submitted this 2nd day of December, 2022.

MCGREW MILLER BOMAR & BAGLEY, LLC

*/s/ Andrew M. Bagley*

_____
ANDREW M. BAGLEY
Georgia Bar No. 959771
COLLEEN E. CALLAGHAN
Georgia Bar No. 176380
*Counsel for Defendant Six Flags Over*
*Georgia II, L.P.*

50 Hurt Plaza, SE
Suite 1200
Atlanta, Georgia 30303
(404) 410-8410
abagley@mmbblaw.com
ccallaghan@mmbblaw.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-06229-S4**
**12/2/2022 4:41 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ADRIENNE WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | **CIVIL ACTION** |
| ) | **FILE NO.:** |
| **SIX FLAGS OVER GEORGIA II, L.P** ) | |
| **d/b/a SIX FLAGS OVER GEORGA, and** ) | **JURY TRIAL DEMANDED** |
| **JOHN DOE** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, Adrienne Wilson, and states her Complaint against Defendants, Six

Flags Over Georgia II, L.P d/b/a Six Flags Over Georgia and John Doe Defendant, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff, ADRIENNE WILSON, is a resident of the State of Georgia.

2.

Defendant, SIX FLAGS OVER GEORGIA II, L.P d/b/a SIX FLAGS OVER GEORGIA

("SFOG") is a domestic Limited Liability Company authorized to do business in Georgia and is

subject to the jurisdiction and venue of Gwinnett County, Georgia. SFOG may be served with

process of this action by issuing an original Summons and a copy of the Complaint to its registered

agent for service of process, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree

Corners, GA 30092. Venue and jurisdiction over SFOG is proper in Gwinnett County.

3.

Defendant, John Doe is an individual residing in the state of Georgia, who was working at

the metal detector at issue at the time of the incident. Upon identification, he will be served with

process of this action by issuing an original Summons and a copy of the Complaint to him

personally at his place of residence or through his counsel of record. At that time, he will be subject to the jurisdiction and venue of Gwinnett County, Georgia.

## NEGLIGENT TRAINING, SUPERVISION, HIRING, AND RETENTION AS TO SFOG

4.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 3, above, as if the same were restated herein verbatim.

5.

At all relevant times, Defendants owned, operated, managed, secured, maintained, or otherwise controlled the Premises.

6.

The Premises is a Theme Park, open to the public.

7.

On or about November 21, 2021(the "date of incident"), Plaintiff ADRIENNE WILSON was a licensee or invitee on the premises.

8.

On the date of incident, Plaintiff, ADRIENNE WILSON was preparing to enter the Premises when security informed her that she had to step through a metal detector.

9.

Plaintiff, Adrienne Wilson wore a pacemaker and informed the security that she was not supposed to go through a metal detector.

10.

Security proceeded to tell Plaintiff to go through the metal detector despite what Plaintiff said, and despite her medical identification card excusing her from doing so.

11.

2

As a result, Plaintiff, Adrienne Wilson's Pacemaker malfunctioned and she lost feeling in and use of her left arm..

12.

At all relevant times, Defendants owed a legal duty to Plaintiff to comply with the Americans with Disabilities Act, and provide an exception to metal detector entry for individuals with Pacemakers.

13.

At all relevant times, Defendants owed a legal duty to Plaintiff to provide an exception to metal detector entry for individuals with Pacemakers.

14.

At all relevant times, Defendant SFOG owed a legal duty to Plaintiff to ensure through adequate supervision that its employees and/or security contractors/personnel are in compliance with the Americans with Disabilities Act, and/or provide an exception to metal detector entry for individuals with Pacemakers.

15.

At all relevant times, Defendant SFOG owed a legal duty to Plaintiff to train its employees and/or security contractors/personnel to comply with the Americans with Disabilities Act, and/or provide an exception to metal detector entry for individuals with Pacemakers.

16.

At all relevant times, Defendant owed a legal duty to Plaintiff not to retain or hire employees and/or security contractors/personnel who failed to comply with the Americans with Disabilities Act, and/or failed to provide an exception to metal detector entry for individuals with Pacemakers.

17.

At all relevant times, Defendant SFOG knew or reasonably should have known of Defendant John Doe's propensity for violating the Americans with Disabilities Act and/or failing

to provide adequate alternative to walking through the metal detector for those with Pacemakers, and allowed him to continue working at the metal detectors anyway.

18.

At all relevant times, Defendant SFOG failed to properly hire, train or supervise employees and/or security contractors or personnel related to Pacemakers and metal detectors.

19.

At all relevant times, Defendant failed to provide, enforce, and train employees on policies related to Pacemakers and metal detectors.

20.

At all relevant times, Defendant SFOG's policies and procedures related to use of metal detectors for those with Pacemakers were negligent and/or insufficient to properly comply with the Americans with Disabilities Act and/or to protect those patrons with Pacemakers.

21.

Plaintiff was injured because Defendants failed to satisfy protections under the Americans with Disabilities Act, and/or provide adequate policies for people with disabilities, including those with Pacemakers, and breached the aforementioned owed duties of care.

22.

At all relevant times, Plaintiff, Adrienne Wilson was a protected, disabled person, under the ADA, in that she has a Pacemaker.

23.

At all relevant times, Plaintiff, Adrienne Wilson exercised reasonable care for her own safety.

24.

Plaintiff did not fully understand the risk of walking through the specific metal detector, and relied upon the security guard's statement that doing so would not harm her.

25.

As a direct and proximate result of the negligent security policies and procedures, breaches of the aforementioned duties, and actions/omissions of Defendants, Plaintiff sustained substantial serious injuries, for which she is entitled to compensation.

## PREMISES LIABILITY

26.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 25, above, as if the same were restated herein verbatim.

27.

Defendant SFOG was an owner or occupier of land, who, by express or implied invitation, induced or lead Plaintiff to come upon the Premises for a lawful purpose.

28.

Plaintiff was injured on the Premises or its approached as a direct and proximate result of SFOG's failure to exercise ordinary care in keeping the premises and its approaches safe.

29.

Defendants' failure to keep the premises and approaches safe directly and proximately caused Plaintiff to sustain substantial serious injuries, for which she is entitled to compensation pursuant to O.C.G.A. § 51-3-1.

## ACTIVE NEGLIGENCE OF JOHN DOE AND RESPONDEAT SUPERIOR

30.

Plaintiffs re-alleges and incorporates herein by reference paragraphs 1 through 29, above, as if the same were restated herein verbatim.

31.

At all relevant times, Plaintiff, Adrienne Wilson was a protected, disabled person, under

the ADA, in that she has a Pacemaker.

32.

At all relevant times, Plaintiff, Adrienne Wilson exercised reasonable care for her own safety.

33.

Plaintiff did not fully understand the risk of walking through the specific metal detector, and relied upon the security guard's statement that doing so would not harm her.

34.

John Doe Defendant worked the metal detector area at the entrance of the Park where Plaintiff's injury occurred.

35.

At all relevant times, John Doe Defendant negligently required Plaintiff to walk through the metal detector despite actual knowledge she had a Pacemaker and had an identification card indicating/showing she should not be required to do so.

36.

In doing so, John Doe Defendant either violated formal SFOG security policies and procedures or complied with negligently created policy and procedures.

37.

John Doe Defendant's negligent actions and omissions proximately caused substantial bodily harm to Plaintiff, for which she is entitled to full compensation, as well as pain and suffering resulting from the incident.

38.

SFOG is liable for the negligent acts and omissions of its employees and/or agents, under

the theory of *Respondeat Superior.*

39.

As the direct and proximate result of Defendants' negligence, Plaintiff, Adrienne Wilson sustained injuries, and incurred substantial past and future medical expenses. Plaintiff has also incurred, and is entitled to recover, general damages.

## NEGLIGENCE *Per Se*

40.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 39, above, as if the same were restated herein verbatim.

41.

Defendants negligently failed to allow Plaintiff to forego the metal detector by making an exception for her medical condition.

42.

Defendants neglected to adhere to the appropriate policies and procedures and the Americans with Disabilities Act.

43.

Defendants' negligence *per se* proximately caused Plaintiff Adrienne Wilson: (i) to damage her pacemaker and suffer personal injuries; and (ii) to incur and suffer general and special damages.

44.

Plaintiff is entitled to recover compensatory damages from Defendants in amounts to be proven at trial.

## PUNITIVE DAMAGES

45.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 44, above, as if the same were restated herein verbatim.

46.

John Doe's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequence, such that Punitive Damages are warranted pursuant to O.C.G.A. § 51-12-5.1

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

a) That Plaintiff, Adrienne Wilson recovers special damages as alleged above and as proven at trial.

b) That punitive damages be awarded against Defendant John Doe.

c) That Plaintiff, Adrienne Wilson recovers general damages, including pain and suffering, in an amount to be determined by enlightened conscience of the jury.

d) That Plaintiff recovers her costs to prosecute these claims.

e) That Plaintiff recover such other relief as is just and proper; and

f) That all issues be tried before a jury of twelve persons.

This 2nd day of December, 2022.

*/s/ Shellea D. Crochet*
SHELLEA D. CROCHET
Georgia Bar No. 735805
*Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
T: (404) 965-1960
F: (404) 496-7355
scrochet@forthepeople.com

8

<u>**CERTIFICATE OF SERVICE**</u>

Plaintiff hereby certifies that the foregoing **AMENDED COMPLAINT** has been served

upon all counsel of record by electronic service through this Court's efiling system.

This 2nd day of December, 2022.

<div style="text-align:right">

*/s/ Shellea D. Crochet*
SHELLEA D. CROCHET
Georgia Bar No. 735805
*Attorney for Plaintiff*

</div>

MORGAN & MORGAN ATLANTA PLLC
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
T: (404) 965-1960
F: (404) 496-7355
scrochet@forthepeople.com